(35 Misc. Rep. 369.)

## In re LEOPOLD'S ESTATE.

(Surrogate's Court, New York County.   June, 1901.)

TRANSFER TAX—PROPERTY SUBJECT.

> Where a nonresident places money on deposit in New York for the purpose of investment in stock of a foreign corporation, such money, on his death before investment, is not subject to the transfer tax.

Appeal from special term.

In the matter of the appraisal under the transfer tax of the property of the estate of Marks Leopold, deceased.   From an order assessing the tax, the comptroller of the city of New York appeals. Affirmed.

T. F. Hamilton, for comptroller.
Wm. P. Williams, for respondent.

FITZGERALD, S.   Decedent, a nonresident, died April 19, 1899. Three days prior to his death he deposited $100,000 in this city to the credit of a syndicate formed for the purpose of purchasing stock of the Continental Tobacco Company, a New Jersey corporation.   On May 6, 1899, the stock called for by the certificate issued to the depositor was delivered to the executors.   In other words, the decedent sent $100,000 to this city for the purpose of purchasing stock in a foreign corporation, and, because he died before the transaction was completed, the state seeks to levy a transfer tax upon the fund.   I am called upon to determine, therefore, whether article 10 of the tax law (Laws 1896, c. 908) taxes property of a nonresident thus transitorily within the state.   In Re Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401, the court of appeals says:

> "We should hesitate before applying the statute to any property casually brought into the state for a temporary purpose.   *   *   *   It might well be held that such property, although literally 'within this state,' was not here in the sense meant by the statute, on account of the transitory and accidental character of its presence, and the immediate custody of the owner. Where, however, the money of a nonresident is invested in this state, as it was by Mr. Romaine in the bond and mortgage in question, and in the deposits made by him in the savings banks, or where the property of a nonresident is habitually kept, even for safety, in this state, we think that the statute applies, both in the letter and spirit."

In Re Enston's Will, 113 N. Y. 182, 21 N. E. 90, the court uses the following language:

> "Suppose a foreigner should come here with negotiable securities in his possession, for the purpose of buying property here, and soon after should die here; or suppose a merchant should come here from some other state with negotiable drafts or securities in his possession, and should die here shortly after reaching this state; can it be supposed in either of such cases that it was the legislative intent that, before the property of the decedent

could be taken out of this state to the jurisdiction of his domicile, it should be subjected to a tax to enhance the revenues of the state?"

While neither of these cases furnishes a precedent for the disposition of the issue here, the language of the court indicates with no uncertain meaning the trend of opinion and decision. The order appealed from is affirmed.

Order affirmed.